IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT  JACKSON
Assigned on Briefs May 3, 2016

**STATE OF TENNESSEE v. DAVID LEO PIPES**

**Appeal from the Circuit Court for Hardin County**
**No. 9986      C. Creed McGinley, Judge**

**No. W2015-02073-CCA-R3-CD  -  Filed July 21, 2016**

The defendant, David Leo Pipes, was indicted for theft of property valued over $1000 but less than $10,000. After trial, a jury found the defendant guilty. The trial court subsequently held a sentencing hearing and imposed a six year sentence with a thirty-five percent release classification to be served as a Range II, multiple offender. After the denial of his motion for a new trial, the defendant filed this timely appeal. On appeal, the defendant argues there was insufficient evidence to support his conviction, and the trial court imposed an excessive sentence. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN JJ, joined.

Frankie K. Stanfill, Camden, Tennessee, for the Appellant, David Leo Pipes.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Matthew Stowe, District Attorney General; and Joshua C. Turnbow, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

*Facts and Procedural Background*

This appeal stems from the theft of a diamond ring. The defendant was charged with one count of theft of property over $1000 but less than $10,000, a Class D felony. Following trial, a jury found the defendant guilty. Based on two prior felony convictions, the trial court sentenced the defendant as a Range II, multiple offender, to six years with a

thirty-five percent release classification.

At trial, James Stephen Graves, a patrol officer with the Crump Police Department, testified as the first witness. Officer Graves testified that on or about June 25, 2014,[1] he received a call from the victim, Cheryl Hight, reporting a missing diamond ring. The defendant, David Leo Pipes, had been in her home earlier that day installing blinds. The diamond ring was in a jewelry dish in Ms. Hight's master bathroom, one of the rooms where the defendant was working.

Officer Graves testified that as part of his investigation, he took pictures of the jewelry dish and went to the jewelry store where the ring was purchased and is cleaned annually to obtain a picture of the ring and get an appraisal. The jeweler appraised the ring at $2500. The police officer also took the defendant's statement. When questioned, the defendant admitted to working in Ms. Hight's master bathroom but denied taking the ring.

Officer Graves next canvased local pawn shops and obtained video footage. He spoke with Justin Lane at Bradley's Pawn and Gun in Savannah, Tennessee, who was working in the shop the day Ms. Hight reported the ring missing. Video footage obtained from the pawn shop showed the defendant entering Bradley's Pawn and Gun. Officer Graves verified that the defendant attempted to pawn several rings, including a diamond ring. He was unable to do so, because he did not have valid identification.

Officer Graves testified that he next called the defendant and left a voicemail asking him to bring the ring to the station and meet with the district attorney to discuss the charges. Officer Graves subsequently received a call asking that he return to Ms. Hight's residence. When he arrived at the scene, Officer Graves found a ring taped to the door, and Ms. Hight confirmed the ring belonged to her. Officer Graves then took the ring back to Mr. Lane at the pawn shop to determine whether it was one of the rings the defendant tried to pawn.

The victim, Cheryl Hight, testified next. According to Ms. Hight, on June 24, 2014, the defendant came to her home to install blinds in the dining room, living room, bathroom, and bedrooms. Ms. Hight identified the defendant, who was present in the courtroom, as the individual who installed her blinds. After the defendant left her home, Ms. Hight noticed her ring was missing. The night before, Ms. Hight removed the ring and placed it in a dish in her bathroom. Ms. Hight had last seen the ring in the dish the

---

[1] The subsequent evidence presented at trial indicates the ring was taken and reported missing on June 24, 2014.

morning the defendant came to install the blinds. Other than the defendant, Ms. Hight and her husband were the only ones home that morning. Ms. Graves got the ring back two or three days later when Officer Graves returned the ring to her.

Justin Lane, an employee of Bradley Pawn and Gun, then testified that on the morning of June 24, 2014, the defendant came into the pawn shop and tried to pawn a ring. Mr. Lane recognized the defendant because he had been in the pawn shop on other occasions. Mr. Lane could not remember whether the defendant tried to pawn one ring or several rings. Mr. Lane testified that he provided Officer Graves with surveillance video from the store. The video showed Mr. Lane returning the defendant's license to him and pointing out that the date had expired. Officer Graves later returned to the store with a ring that Mr. Lane identified as the ring the defendant attempted to pawn.

Randy Livingston testified as the next witness. Mr. Livingston owns Livingston Jewelry and sold Paul Hight, the victim's husband, the ring at issue. According to Mr. Livingston, Ms. Hight brought the ring into his shop about twice a year for cleaning. He also prepared an appraisal of the ring at the request of Officer Graves, valuing it at $2500.

At the conclusion of Mr. Livingston's testimony, the State rested. After moving for acquittal, which the trial court denied, the defendant rested without presenting proof. The jury subsequently found the defendant guilty of theft of property valued at $1000 or more but less than $10,000.

At a subsequent sentencing hearing, the presentence report and certified copies of two prior felony convictions were entered into evidence. The parties did not present any additional proof. Based upon the information contained in the defendant's presentence report, the defendant argued he should be sentenced as a Range I offender and was eligible for alternative sentencing. After noting that the State filed a notice to seek enhanced punishment and considering the defendant's prior felony theft and drug convictions, the trial court ruled:

> [This] Court cannot use those felonies as further enhancement, but there is evidence of other previous convictions. Primarily driving with a suspended license. There's a theft in '96. There's any number of other things that constitute a criminal conviction in addition to those necessary to establish the range. The Court feels the appropriate sentence would be six years as a [thirty-five] percent release classification, Range 2.
>
> In considering his record, particularly the prior felony offenses, the Court finds that he is not eligible for alternative sentencing. I [followed] the

statutory criteria. I think that necessary prior efforts to rehabilitate him have not been successful, and the Court feels that it's appropriate that he be denied alternative sentencing. So he'll be remanded to custody for service of sentence.

This appeal followed. On appeal, the defendant argues the evidence was insufficient to justify a rational trier of fact from finding guilt beyond a reasonable doubt. The defendant further argues the trial court imposed an excessive sentence. The State argues the evidence was sufficient to sustain the defendant's conviction for theft, and the trial court properly sentenced the defendant. We agree with the State and affirm the judgment of the trial court.

*Analysis*

## I.      Sufficiency of Evidence

The defendant first challenges the sufficiency of evidence, arguing the facts do not prove the identity of the stolen ring or that he was ever in possession of it. When the sufficiency of the evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *see also* Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); *State v. Evans,* 838 S.W.2d 185, 190–92 (Tenn. 1992); *State v. Anderson,* 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *See State v. Pappas,* 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace,* 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State,* 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing *Carroll v. State,* 212

Tenn. 464, 370 S.W.2d 523 (1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn. 1982).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. *State v. Matthews,* 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing *State v. Brown,* 551 S.W.2d 329, 331 (Tenn. 1977); *Farmer v. State,* 343 S.W.2d 895, 897 (Tenn. 1961)). The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes,* 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson,* 279 S.W.3d 265, 275 (Tenn. 2009)). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. *State v. Campbell,* 245 S.W.3d 331, 335 (Tenn. 2008) (citing *Byrge v. State,* 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. *Dorantes,* 331 S.W.3d at 379 (citing *State v. Rice,* 184 S.W.3d 646, 662 (Tenn. 2006)). This court, when considering the sufficiency of the evidence, shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. *Id.*

"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103(a). "Owner" is "a person, other than the defendant, who has possession of or any interest ... in property ... and without whose consent the defendant has no authority to exert control over the property." Tenn. Code Ann. § 39–11–106(a)(26) (Supp. 2011). "Possession may be actual or constructive." *State v. Robinson,* 400 S.W.3d 529, 534 (Tenn. 2013) (citing *State v. Shaw,* 37 S.W.3d 900, 903 (Tenn. 2001)). Actual possession "refers to physical control over an item." *State v. Fayne,* 451 S.W.3d 362, 370 (Tenn. 2014). On the other hand, constructive possession is established when a person has "'the power and intention at a given time to exercise dominion and control over [an object] either directly or through others.'" *Shaw,* 37 S.W.3d at 903 (quoting *State v. Patterson,* 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997)).

In support of his argument that the evidence was insufficient to support his conviction of theft, the defendant points to the following evidence: when questioned by Officer Graves, the defendant denied he took the diamond ring; Mr. Lane, the pawn shop worker, could not remember whether the defendant had one or more rings in his possession when he entered the shop on June 24, 2014; and the surveillance video played

by the State did not reveal the items in the defendant's possession when he entered the pawn shop on June 24, 2014. The defendant argues that due to these deficiencies, the State did not prove the identity of the ring stolen from Ms. Hight and failed to prove the ring was ever in the defendant's possession. We respectfully disagree.

The evidence at trial showed that Ms. Hight left her diamond ring in her master bathroom the evening of June 23, 2014. The ring was still in the master bathroom prior to the defendant's arrival at Ms. Hight's home the morning of June 24, 2014. The defendant worked in Ms. Hight's master bathroom that morning, and after he left, the diamond ring was missing. In addition to the defendant, only Ms. Hight and her husband were home at the time. The evidence revealed that later the same day, the defendant attempted to sell one or more rings in a local pawn shop but was unable to do so because his driver's license had expired. Then, after Officer Graves questioned the defendant about the missing ring and asked that he return to the station with the ring to discuss the charges that would be brought against him, the ring reappeared at Ms. Hight's home, taped to her door. Ms. Hight identified the ring taped to her door as the same ring she reported missing from her home the morning the defendant installed blinds. Mr. Lane subsequently identified the ring found taped to Ms. Hight's door as one of the rings the defendant attempted to pawn on June 24, 2014. When viewed in the light most favorable to the State, we find this evidence sufficient for a rational jury to find beyond a reasonable doubt that, with an intent to deprive her of the property, the defendant knowingly exercised control over Ms. Hight's diamond ring without her consent. We affirm the defendant's conviction of theft of property over $1000 but less than $10,000. The defendant is not entitled to relief on this issue.

## II.    Sentencing

The defendant further contends the trial court imposed an excessive sentence. According to the defendant, his prior felony convictions should have been used to determine whether he is eligible for alternative sentencing but should not have been used to classify him as a Range II, rather than a Range I, offender. The defendant further argues the trial court failed to emphasize the sentencing principles and considerations. Again, we respectfully disagree.

Appellate review of sentencing is for abuse of discretion. We must apply "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *See State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses; (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40–35–210(a), (b), –103(5); *State v. Williams,* 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995). Enhancement factors to be considered by the trial court include, but are not limited to, whether "[t]he defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114(1).

The trial court must state on the record the factors it considered and the reasons for the ordered sentence. Tenn. Code Ann. § 40–35–210(e); *Bise,* 380 S.W.3d at 706. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence ... should not negate the presumption [of reasonableness]." *Bise,* 380 S.W.3d at 705–06. The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40–35–401, Sentencing Comm'n Cmts.

The trial court may sentence a defendant as a Range II, multiple offender, when it finds that the defendant has received "[a] minimum of two but not more than four prior felony convictions within the conviction class, a higher class, or within the next two lower felony classes"; or alternatively, "[o]ne (1) Class A prior felony conviction if the defendant's conviction offense is a Class A or B felony." Tenn. Code Ann. § 40–35–106(a)(1) & (2). In order to label a defendant as a multiple offender, the trial court has to determine beyond a reasonable doubt that the defendant has the requisite prior felonies. Tenn. Code Ann. § 40–35–106(c).

Following his jury trial, the defendant was convicted of theft of property over $1000 but less than $10,000, a Class D felony. At the sentencing hearing on August 20, 2014, the trial court first considered the proper sentencing range. The trial court noted a Class E felony drug conviction from July 31, 2000, and a Class E felony theft conviction from December 1, 2011. Based on these prior Class E felony convictions, the trial court properly sentenced the defendant as a Range II, multiple offender.

The trial court next commented that, in addition to the felony convictions considered to move the defendant from a Range I, standard offender, to Range II, multiple offender, "there is evidence of other previous convictions." The defendant's presentence report listed numerous criminal convictions in addition to the two prior Class E felony convictions, including theft of property, public intoxication, and multiple convictions of driving with a suspended license. The trial court then sentenced the defendant to six years with a release eligibility of thirty-five percent, which is within the four to eight year sentencing range for a Range II, Class D felony sentence set forth in Tenn. Code Ann. § 40-35-112(a).

When affording a presumption of reasonableness to the within-range sentence imposed by the trial court, we affirm the sentence. Even in the absence of enhancement factors, the defendant is not entitled to the minimum sentence. Rather, the trial court may set a sentence anywhere within the applicable range so long as the sentence is consistent with the purposes and principles of the Sentencing Act. *See State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008) (there is no presumptive sentence). The principles of the Sentencing Act include the defendant's "potential or lack of potential for … rehabilitation." Tenn. Code Ann. § 40-35-103(5). As articulated by the trial court when ordering the sentence, prior efforts to rehabilitate the defendant failed. This is evidenced by the defendant's criminal history, which in addition to the prior felonies used to establish the appropriate range, contained at least six prior misdemeanor convictions, including one for theft. We conclude the trial court did not abuse its discretion when sentencing the defendant, a Range II offender, to six years with a release eligibility of thirty-five percent.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE