# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 2, 2016 Session

## STATE OF TENNESSEE v. GEORGE P. WATKINS, III

**Appeal from the Circuit Court for Madison County**
**No. 15-236   Donald H. Allen, Judge**

_____

**No. W2015-02095-CCA-R3-CD  -  Filed April 5, 2017**

_____

ROBERT L. HOLLOWAY, JR., J., dissenting.

I respectfully disagree with the majority's conclusion that the trial court committed plain error by including "that the defendant acted either intentionally, knowingly, or recklessly" in its jury instruction for possession of a firearm with intent to go armed during the commission of or attempt to commit a dangerous felony (hereinafter "the possession offense"). After a review of the entire record and applicable law, I do not agree that "a clear and unequivocal rule of law [was] breached" or that "consideration of the error is 'necessary to do substantial justice.'" *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994).[1]

## Plain Error Review

### *A Clear and Unequivocal Rule of Law Must Have Been Breached*

The majority opinion relies on certain language from *State v. Fayne*, 451 S.W.3d 362 (Tenn. 2014) and the interpretation of the *Fayne* language in *State v. Tasha Briggs*, No. W2014-01214-CCA-R3-CD, 2015 WL 5813664 (Tenn. Crim. App. Oct. 6, 2015) and *State v. Anthony Miller*, No. W2016-00402-CCA-R3-CD, 2017 WL 244115 (Tenn. Crim. App. Jan. 20, 2017) to conclude that the law is clear and unequivocal that intent is the only *mens rea* applicable to the possession offense. I believe the majority's interpretation, as well as our court's interpretation in *Tasha Briggs* and *Anthony Miller*, overstates the holding in *Fayne*, conflicts with Tennessee Code Annotated section 39-11-301, and if the third element of the possession offense is a circumstance surrounding the conduct,

---

[1] *Adkisson* quoted Tenn. R. Crim P. 52(b), which has now been deleted. The harmless error rule now appears in Tenn. R. App. P. 36. The five part "*Adkisson* test" was formally adopted by our supreme court. *State v. Smith*, 24 S.W.3d 274, 283 (Tenn. 2000).

conflicts with *State v. Clark*, 452 S.W.3d 268 (Tenn. 2014) and *State v. Page*, 81 S.W.3d 781, 787 (Tenn. Crim. App. 2002), (stating that a "reckless" mens rea may properly be applied to "the circumstances surrounding [a] defendant's conduct or the result of [a] defendant's conduct").

*State v. Fayne*

The issues in *Fayne* required our supreme court to perform a *Burns* statutory elements test to determine if the possession offense was a lesser-included offense of employment of a firearm during the commission of a dangerous felony under Tennessee Code Annotated section 39-17-1324(b) (hereinafter "the employment offense"). *See State v. Burns*, 6 S.W.3d 453, 466 (Tenn. 1999). The *Fayne* court stated: "When parsed, the [possession] offense is comprised of three separate elements: (1) that the defendant possessed a firearm; (2) that the possession was with the 'intent to go armed'; and (3) that the first two elements occurred during the commission or attempted commission of a 'dangerous felony.'" *Fayne*, 451 S.W.3d at 369.

One of the two stated holdings in *Fayne* was "that [the possession offense] qualifies as a lesser[-]included offense of [the employment offense]."[2] *Id.* at 364. In so holding, the supreme court stated that "the *mens rea* element of [the possession offense]—that the possession of the firearm was with the 'intent to go armed'—is included, by its terms, within the mental states that apply to [the employment offense] via section 39-11-301(c): *intent,* knowledge, or recklessness." *Id.* at 370.[3] The majority opinion interprets this statement from *Fayne* to be an "unambiguous holding" that intent is the *only mens rea* applicable to the possession offense. Although I agree that intent is the mental state applicable to the "*mens rea* element" of the possession offense, "with the intent to go armed," there are three material elements to the possession offense, each of which must be proven beyond a reasonable doubt to convict a defendant. *See* Tenn. Code Ann. § 39-11-201(a).

I would characterize the first element of the possession offense as the *actus reus,* or physical element of the offense, and the third element of the offense as a

---

[2] The second holding in *Fayne* was "that the trial court did not err by refusing the defendant's request for a special instruction on the definition of possession." *Id.* at 364.

[3] While this statement is certainly correct, I believe it is also correct that if either or both of the less culpable *mens rea*, knowing or reckless, apply to other material elements of the possession offense, then those mental states would also be included within the mental states that apply to the employment offense via Tennessee Code Annotated section 39-11-301(c). Thus the possession offense would still be a lesser-included offense of the employment offense under *Burns* part (b). *See Burns*, 6 S.W.3d at 466-67.

2

circumstance surrounding the conduct. A circumstance surrounding the conduct is an essential element of an offense and must be proven beyond a reasonable doubt before a defendant can be convicted of the offense. *See* Tenn. Code Ann. § 39-11-302(b),(c),(d).[4]

*State v. Clark*

Unlike *Fayne*, which addressed issues related to lesser-included offenses, *Clark*, which was issued two weeks after *Fayne*, specifically addressed an issue related to allegedly erroneous jury instructions for rape of a child and aggravated sexual battery. In *Clark*, the defendant "argue[d] [that] the trial court committed reversible error by instructing the jury that the mental state of 'recklessness' satisfied all the elements of aggravated sexual battery and rape of a child[]" and claimed this error "'impermissibly lowered the State's burden of proof.'" 452 S.W.3d at 294.

In its jury instruction for the rape of a child offense, the trial court in *Clark* instructed that the defendant could be convicted if the State proved that he acted intentionally, knowingly, or recklessly. *Id.* at 296. In determining that the trial court properly instructed the jury, our supreme court stated:

> The first element of rape of a child is the *actus reus*—"unlawful sexual penetration." Because Tenn[essee] Code Ann[otated] [section] 39-13-522(a) does not contain a specific mental state for this offense, the generic *mens rea* statute fills in the gap. The unlawful sexual penetration may be done intentionally, knowingly, or recklessly. Tenn. Code Ann. § 39-11-301(c). ….
>
> The second element of rape of a child—the fact that "the victim is more than three (3) years of age but less than thirteen (13) years of age"—is a circumstance surrounding the conduct. Again, the statute defines no mental state *specific to this element*. The generic *mens rea* statute again fills the gap. Because the "reckless" *mens rea* may properly be applied to "the circumstances surrounding [a] defendant's conduct or the result of [the] defendant's conduct," [] *Page*, 81 S.W.3d at 787, a defendant may satisfy this element when he or she is reckless, knowing, or intentional regarding the attendant

---

[4] A circumstance surrounding the conduct differs from an enhancement factor, for example a Drug Free School Zone Act enhancement factor that the offense occurred in a school zone, in that an enhancement factor does not have to be proven to convict a defendant of the underlying offense. Enhancement factors, unlike circumstances surrounding the conduct, are not subject to Tenn. Code Ann. § 39-11-301 and do not require a *mens rea*. *State v. Smith*, 48 S.W.3d 159, 167 (Tenn. Crim. App. 2000). The elements of the offense, if proven, are sufficient to convict a defendant of the underlying criminal offense, even if the enhancement factor is not proven.

circumstance of the age of the victim. *See State v. [Joel E.] Blanton*, No. M2007-01384-CCA-R3-CD, 2009 WL 537558, at \*14 (Tenn. Crim. App. Mar. 4, 2009) ("[R]eckless conduct is sufficient for the element that the victim is less than thirteen years old."), *perm. app. denied* (Tenn. Aug. 24, 2009).

*Id.* at 296-97 (emphasis added).

Concerning aggravated sexual battery, the trial court instructed the jury:

For you to find [the defendant] guilty of aggravated sexual battery, the State must have proven beyond a reasonable doubt the existence of the following essential elements:

(1) that he had unlawful sexual contact with the alleged victim ..., in which the defendant *intentionally touched* her intimate parts or the clothing covering the immediate area of her intimate parts; and

(2) that [the victim] was less than thirteen (13) years of age; and

(3) *that he acted either intentionally, knowingly or recklessly.*

*Id.* at 298 (emphasis added).

Although the aggravated sexual battery statute does not provide a specific *mens rea*,[5] I believe the instruction given by the trial court in *Clark* is fundamentally and substantially similar to the possession offense instruction given in this case because the jury in both cases was instructed that the State had to prove that the defendant acted intentionally as to one material element and that he acted either intentionally, knowingly or recklessly.

The *Clark* court stated the following regarding the statute for aggravated sexual battery:

As with rape of a child, the fact that the victim is less than thirteen years old is a circumstance surrounding the crime. Because any of the three mental states listed in Tennessee's generic *mens rea* statute may be properly applied to a "circumstance[] surrounding the crime," *[]Page*, 81 S.W.3d at 787, a defendant may violate this

---

[5] The *mens rea* is provided by the definition of sexual contact as an "intentional touching" in Tennessee Code Annotated section 39-13-501(6). *See Clark*, 452 S.W.3d at 297-98.

element of the statute by acting recklessly, knowingly, or intentionally. *See* Tenn. Code Ann. § 39-11-301(c).

452 S.W.3d at 297. As previously stated, I would characterize the third element of the possession offense—which requires that the first two elements occurred "during the commission or attempted commission a 'dangerous felony'"—as a circumstance surrounding the conduct of the possession offense. Because the "reckless" *mens rea* may properly be applied to "the circumstances surrounding [a] defendant's conduct[,]" *see Page*, 81 S.W.3d at 787, a defendant may satisfy this element when he acts recklessly, knowingly, or intentionally regarding the commission of or attempt to commit a dangerous felony. *See Clark*, 452 S.W.3d at 297. If this characterization is accurate, then instructing the jury that the Defendant acted "intentionally, knowing, or recklessly," although perhaps potentially confusing when applied to the second element, "intent to go armed," was not a breach of a clear or unequivocal rule of law. As our supreme court stated in *Clark*:

> As [the defendant] point[ed] out, the way this instruction was structured created a potential for juror confusion concerning the applicable mental states. Regarding element (1), the jury instruction specifies that the "sexual contact" must have been an intentional touching. As we have explained, this core *actus reus* element of aggravated sexual battery must carry an intentional mental state. However, element (3) of the jury instructions recites the three mental states from the generic *mens rea* statute in a way that suggests that "intentionally, knowingly, or recklessly" could apply to both elements (1) and (2). As we have explained, while all three of these mental states may apply to the element of the age of the victim in element (2), element (1) may only be done intentionally.
>
> Determining whether this instruction is erroneous is a *close call*.

*Id.* at 298 (emphasis added). As was the case in *Clark*, determining whether the instruction given by the trial court in this case is erroneous is, in my opinion, a "close call." However, a "close call" does not amount to a breach of a clear and unequivocal rule of law.

*Tennessee Code Annotated sections 39-11-201 and 39-11-301*

Tennessee Code Annotated section 39-11-201(a) states in pertinent part:

(a) No person may be convicted of an offense unless each of the following is proven beyond a reasonable doubt:

(1) The conduct, circumstances surrounding the conduct, or a result of the conduct described in the definition of the offense;

(2) The culpable mental state required[.]

Tenn. Code Ann. § 39-11-201(a)(1)-(2).

Tennessee Code Annotated section 39-11-301, sometimes referred to as the generic *mens rea* statute, provides:

(a)(1) A person commits an offense who acts intentionally, knowingly, recklessly or with criminal negligence, *as the definition of the offense requires, with respect to each element of the offense.*

(2) When the law provides that criminal negligence suffices to establish an element of an offense, that element is also established if a person acts intentionally, knowingly or recklessly. When recklessness suffices to establish an element, that element is also established if a person acts intentionally or knowingly. When acting knowingly suffices to establish an element, that element is also established if a person acts intentionally.

(b) A culpable mental state is required within this title unless the definition of an offense plainly dispenses with a mental element.

*(c) If the definition of an offense within this title does not plainly dispense with a mental element, intent, knowledge or recklessness suffices to establish the culpable mental state.*

Tenn. Code Ann. § 39-11-301 (emphasis added).[6]

---

[6] In *State v. Jennie Bain Ducker*, our court provided a historical analysis of the development of the culpable mental states from common law, to the Model Penal Code, and subsequently to the Tennessee Criminal Code, stating: "The definition of each culpability term with respect to each 'conduct element' of an offense reflects a fundamental and critical principle of the Model Penal Code's culpability scheme, the application of an 'element analysis' of culpability requirements, i.e., different degrees of culpability may be required with respect to different elements of the same offense. See [Paul H.] Robinson, Element Analysis in Defining Criminal Liability: The Model Penal Code and Beyond, 35 Stan. L. Rev. at 699." *State v. Jennie Bain Ducker*, No. 01C01-9704-CC-00143, 1999 WL 160981, at *16 (Tenn. Crim. App. Mar. 25, 1999), aff'd, 27 S.W.3d 889 (Tenn. 2000). Although our Supreme Court affirmed, it did not address our court's analysis of the development of culpable mental states.

6

If the majority's conclusion that intent is the only *mens rea* applicable to the possession offense is correct, then either: (1) no mental state is required to be proven for the first and third elements of the possession offense, or (2) the intentional mental state applies to all three elements. The first alternative is at odds with my reading of section 39-11-301(a)(1), which can be interpreted as requiring the State to establish a *mens rea* for each material element of the offense. The second alternative would mean that, in the context of the possession offense, only an intentional mental state would apply to the third element—that the first two elements "occurred during the commission or attempted commission a 'dangerous felony'"—which I believe is a circumstance surrounding the conduct of the possession offense. That alternative is at odds with *Page*, which concludes that the three mental states listed in Tennessee's generic *mens rea* statute may be properly applied to a "circumstance[] surrounding the crime[.]" *See* Page, 81 S.W.3d at 787; *Clark*, 452 S.W.3d at 297. These two unworkable alternatives also lead to the conclusion that the trial court did not breach a clear and unequivocal rule of law.

### *Footnote 2 to T.P.I. - Crim. 36.03(a), 36.04, and 36.08*

Numerous pattern jury instructions for other offenses involving possession of a weapon with the "intent to go armed" include language that the defendant "acted either intentionally, knowingly, or recklessly."[7] These instructions have a footnote identical or similar to Footnote 2 to T.P.I. - Crim. 36.03(a), 36.04, and 36.08, which states:

> T.C.A. § 39-11-301(b) and T.C.A. § 39-11-301(c) and accompanying Sentencing Commission Comment. The Committee is of the opinion that the definitions of "knowingly" and "recklessly," although statutorily required, are in conflict with the

---

[7] *See* T.P.I. Criminal 36.03(a) (Possessing or carrying weapons with intent to go armed on school property); 36.04 (Possessing or carrying weapons on public parks, civic centers, recreational buildings and grounds [T.C.A. § 39-17-1311 requires intent to go armed for this offense]); 36.06 (Unlawful possession of a deadly weapon with intent to employ it in commission of or escape from offense (for offenses committed prior to 1/1/08)); 36.06(a) (Unlawful possession of a deadly weapon with intent to employ it during the [commission of] [attempt to commit] [escape from] an offense [for "non-dangerous offenses" committed on or after 1/1/08]); and 36.06(b) (Unlawful possession of a deadly weapon other than a firearm with intent to employ it during the [commission of] [attempt to commit] [escape from] a dangerous felony [for offenses committed on or after 1/1/08]). T.P.I. Criminal 36.08 (Carrying a weapon with intent to go armed). Pattern instruction containing the generic *mens rea* and footnote 2 also appears in other Titles, for example see Part A of T.P.I. Criminal 5.01 (Violation of Rico Act). I acknowledge that Part A of T.P.I. - 36.06(c), the pattern instruction for the possession offense, does not contain either the generic *mens rea* language, "that the defendant acted either intentionally, knowingly, or recklessly," footnote 2, or a similar footnote.

elements of this offense. Because the offense requires an "intent" to go armed, some judges believe that only "intentionally" should be charged.

To me, Footnote 2 supports the State's argument that the law is not clear and unequivocal and clearly demonstrates that even with the collective wisdom and experience of forty-plus trial judges, the Tennessee Pattern Criminal Jury Instructions Committee cannot reconcile the culpability requirements of Tennessee Code Annotated section 39-11-301 with certain legal opinions, such as the majority's interpretation of *Fayne* that intent is the only *mens rea* applicable to the possession offense. I recognize that a footnote to the pattern instructions is not legal authority, but to me this footnote confirms there is no clear and unequivocal rule of law concerning what *mens rea* should be instructed for offenses containing a material element for which there is no *mens rea* provided and another material element providing an intentional mental state, such as the possession offense.

In my opinion, the Defendant has failed to prove that a clear and unequivocal rule of law has been breached.

### *Consideration of the Error is Necessary to do Substantial Justice*

Even if my analysis above is erroneous and a clear and unequivocal law was breached when the trial court instructed the jury that the Defendant acted intentionally, knowingly, or recklessly; I would still affirm the trial court because I believe the Defendant has failed to prove that consideration of the error is necessary to do substantial justice.

The majority states:

Here, the trial court's erroneous jury instruction, which misstated the elements of the possession of a firearm offense and improperly included definitions for the mental states of "knowingly" and "recklessly," likely changed the outcome of trial because it made it easier to convict Watkins of this offense.

In stating that instructing the generic *mens rea* "likely changed the outcome of trial," I assume the majority believes that the jury would probably not understand that it should apply the definition of intentionally to the "intent to go armed" element and apply the generic *mens rea* to the other elements. Based on the uncontradicted evidence in this case, I do not believe that the generic *mens rea* instruction *likely* changed the outcome of the trial.

8

In determining that the trial court in *Clark* did not commit plain error in instructing the jury on aggravated sexual battery, our supreme court stated:

> Determining whether [the aggravated sexual battery] instruction is erroneous is a close call. Despite the ambiguity, a jury which read these instructions carefully would likely determine that the "sexual contact" element had to be done "intentionally," regardless of the potentially confusing placement of element (3) of the trial court's jury instructions. Because the words "intentionally touched" occur in close proximity to "unlawful sexual contact" in element (1), a reasonable jury would probably interpret this to mean that the more specific *mens rea* of "intentionally" had to apply to the touching/sexual contact, while the broader mental states contained in element (3) applied to all other aspects of the crime.
>
> But we need not determine whether this instruction was erroneous because any error regarding the "reckless" or "knowing" *mens rea* in relation to aggravated sexual battery would be harmless beyond a reasonable doubt. The State's theory was that all of [the defendant]'s unlawful conduct was intentional (and for the purpose of sexual arousal or gratification). Because neither the State nor [the defendant] presented evidence that his behavior might have been done recklessly or knowingly (but not intentionally), the jury had no occasion to consider these lesser mental states in regard to the *actus reus* of aggravated sexual battery. The uncontradicted evidence regarding [the defendant]'s conduct, including his own confession, proved that his conduct was intentional. Even had the jury misunderstood the instructions and believed that "reckless" or "knowing" behavior satisfied the "sexual contact" element of aggravated sexual battery, that misunderstanding would not have prejudiced [the defendant] in any way.

*Clark*, 452 S.W.3d at 298-99 (internal citations omitted).

Paraphrasing *Clark*, I believe that the jury in this case "which read these instructions carefully would likely determine that" the going armed element had to be done intentionally, regardless of the potentially confusing placement of the generic *mens rea* in the trial court's jury instructions. *See id.* Because the word "intent" occurs immediately before "to go armed," "a reasonable jury would probably interpret this to mean that the more specific *mens rea* of 'intentionally'

9

had to apply" to going armed, "while the broader mental states contained in element (3) applied to all other aspects of the crime." *See id.*[8]

The uncontroverted circumstantial evidence in this case was that the Defendant intended to go armed. "[I]ntent can rarely be shown by direct proof and must, necessarily, be shown by circumstantial evidence." *Hall v. State*, 490 S.W.2d 495, 496 (Tenn. 1973). There was no proof presented that the Defendant acted knowingly or recklessly in going armed. The circumstantial evidence consisted of the Defendant's loaded pistol being found under the Defendant's mattress next to the Defendant's nightstand on which the Defendant's marijuana and baggies were found.

Even if the jury instruction on the possession offense was erroneous, any error regarding the reckless or knowing *mens rea* in relation to going armed would, in my opinion, be harmless beyond a reasonable doubt.

**Conclusion**

I join in the majority opinion concerning the Defendant's convictions for possession of marijuana with the intent to sell in Count 1, possession of marijuana with the intent to deliver in Count 2, and possession of drug paraphernalia in Count 3. I dissent from the majority opinion concerning the Defendant's convictions for possession of a firearm with the intent to go armed during the commission of a dangerous felony in Counts 4 and 5. I would affirm those convictions.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

---

[8] Our supreme court provided the following advice in *Clark*:

> [W]e encourage future courts and the Committee on Pattern Jury Instructions to pursue greater precision in explaining the mental states that apply to the separate elements of aggravated sexual battery. Instead of including reckless, knowing, and intentional at the end of the jury instruction as the trial court did in this case, future courts should specify that (1) unlawful sexual contact means intentional touching of the intimate parts or the clothing immediately covering the intimate parts, and that this intentional touching must be reasonably construed as being for the purpose of sexual arousal or gratification; and (2) that the victim was less that thirteen years old, and the defendant acted recklessly, knowingly, or intentionally regarding this fact.

*Clark*, 452 S.W.3d at 299. Until our supreme court addresses the culpable mental states for offenses that provide an intentional mental state for one element and no mental state for other elements, such as the numerous weapons offenses, I would encourage future courts to either omit the generic *mens rea* or follow the advice in *Clark*.