IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2021

**STATE OF TENNESSEE v. KENNETH BARNETT**

**Appeal from the Criminal Court for Knox County**
**No. 113756    Steven Wayne Sword, Judge**

———————————————————

**No. E2020-01542-CCA-R3-CD**

———————————————————

The Knox County Grand Jury indicted Defendant, Kenneth Barnett, for ten counts of aggravated burglary with intent to commit theft, ten alternative counts of aggravated burglary while committing theft, ten counts of theft, and two counts of unlawful possession of a weapon by a convicted felon. Prior to trial, the trial court dismissed the ten alternative counts of aggravated burglary while committing theft. Following trial, the jury convicted Defendant of six counts of aggravated burglary, six counts of theft, and both counts of unlawful possession of a weapon by a convicted felon, for which the trial court imposed a total effective sentence of thirty-five years. On appeal, Defendant argues that the evidence was insufficient to support his convictions for unlawful possession of a weapon by a convicted felon. Following a thorough review of the record and applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Christopher "Kit" Rodgers, Knoxville, Tennessee, for the appellant, Kenneth Barnett.

Herbert H. Slatery III, Attorney General and Reporter; Johnathan H. Wardle, Assistant Attorney General; Charme P. Allen, District Attorney General; Philip Morton and Oscar Butler, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

On appeal, Defendant claims only that the evidence was insufficient to support the convictions for two counts of unlawful possession of a weapon by a convicted felon. We

will, therefore, limit our discussion of the proof presented at trial to the two counts of aggravated burglary and two counts of theft that involved a weapon.

*Trial*

Robert Knight testified that his wife alerted him to an apparent burglary at their residence on Bellevue Street in the Whittle Springs area on November 30, 2017, when she returned home for lunch. His wife found the bedroom window open and her nightstand moved, which led her to call 9-1-1 and Mr. Knight. Mr. Knight stated that he had an alarm system, and while the system was not armed at the time, he was able to later find the times the windows were opened based on the security app on his phone. When the police and Mr. Knight arrived at the home, Mr. Knight found two of his firearms and holsters were missing from the residence, along with jewelry and change. Mr. Knight described one of the firearms as a "Glock 19 Gen 4" enclosed in a "generic Safariland nylon holster." Mr. Knight described the second gun as a "Springfield XD-S three three, a nine-millimeter with a spare magazine" that he kept "in a custom leather Savoy holster[,]" which had an inscription of a Bible verse. He stated that the holster had a value of $125. The value of the property stolen from Mr. Knight's home totaled approximately $3,000. The Glock was ultimately recovered in Georgia during a routine traffic stop, and the stolen jewelry was recovered from a pawn shop. The Springfield pistol was never recovered. Mr. Knight testified that he had never met Defendant and that he had not given him permission to remove property, including the firearms, from his home.

Jeremy McCord testified that he had worked for the Knox County Sheriff's Office since September of 2007. Mr. McCord's aunt, Deloris Miller, had a residence on Gaston Avenue in 2017. Mr. McCord stated that he was familiar with his aunt's residence and frequented it his entire life. He testified that Ms. Miller owned a firearm and that she routinely stored it in the back bedroom in either the top drawer of her dresser or the upper part of her closet, along with the firearm's magazine. He stated that he had seen the firearm in the location where it was normally stored many times.

On December 11, 2017, Ms. Miller was on life support in Chattanooga, and Jay Halliburton, who also resided at the home, was out of town. Mr. McCord received a phone call from an alarm company reporting a motion alarm at Ms. Miller's residence. Mr. McCord verified that Mr. Halliburton was not on the premises at the time of the alarm, and Mr. McCord proceeded to the house himself. When he arrived at the home, Knoxville Police Department ("KPD") officers were talking to Defendant, who was inside the residence. Mr. McCord stated that Defendant was taken into custody on the back porch.

Mr. McCord worked with the officers to verify that the residence belonged to his aunt and that he did not know Defendant. He also pointed out several items from the

residence on Defendant's person. He had not previously seen or met Defendant, and he did not know of any reason why Defendant would be in Ms. Miller's house on the day of the incident. Further, Mr. McCord found that the firearm kept in the house had been moved from its ordinary location to a different location in the house.

On cross-examination, Mr. McCord stated that the firearm's magazine was found on Defendant's person when Defendant was arrested. On redirect examination, Mr. McCord identified Defendant as the individual he saw come out of Ms. Miller's house.

KPD Officer John Pickens testified that he responded to a call from a burglar alarm at a house on Gaston Avenue on December 11, 2017, at about 10:40 a.m. He contacted his partner, Officer Jeff Damewood, and they responded to the call. When they arrived on the scene, they found a backpack sitting on the back porch of the house. It was not clear to the officers whether an individual was inside the house. However, Officer Pickens stated that Defendant came out after a "very short period of time" and surrendered. Officer Pickens searched Defendant and found a firearm magazine and other property taken from the residence in his pockets. Defendant was arrested and transported to KPD.

KPD Investigator Brian Leatherwood, who worked in the property crimes unit, questioned Defendant about other burglaries to which he had been linked, primarily through pawn shop transactions. Defendant admitted that he took two guns from a house in the Whittle Springs area and sold them on the street. When asked for specifics, Defendant explained that he stole a Springfield firearm with a nice leather holster that was inscribed with a Bible verse, as well as a spare magazine. Defendant also mentioned a Glock in a standard holster. Investigator Leatherwood stated that Defendant's answers matched the descriptions of Mr. Knight's stolen firearms.

During trial, the State offered into evidence certified judgments of prior convictions for burglary in July 2007, as well as aggravated burglary and facilitation of aggravated burglary in September 2012. The trial judge allowed the admission of this evidence but cautioned the jury that they could not consider the prior convictions for anything other than the purpose of determining whether Defendant had a prior disqualifying felony conviction that would prohibit him from possessing a gun.

Following deliberations, the jury convicted Defendant of two counts of unlawful possession of a weapon by a convicted felon, six counts of aggravated burglary, and six counts of theft of property. The jury acquitted Defendant of the remaining aggravated burglary and theft counts. The trial court imposed an effective thirty-five-year sentence. Defendant filed a timely motion for new trial, which the trial court denied. Defendant now timely appeals.

- 3 -

## Analysis

On appeal, Defendant argues that the evidence was insufficient to sustain his convictions for unlawful possession of a weapon by a convicted felon.

Our standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also* Tenn. R. App. P. 13(e). Questions of fact, the credibility of witnesses, and weight of the evidence are resolved by the fact finder, and this court will not reweigh the evidence. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

A guilty verdict removes the presumption of innocence, replacing it with a presumption of guilt. *Bland*, 958 S.W.2d at 659; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant bears the burden of proving why the evidence was insufficient to support the conviction. *Bland*, 958 S.W.2d at 659; *Tuggle*, 639 S.W.2d at 914. On appeal, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." *State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007).

As charged here, "[a] person commits an offense who unlawfully possesses a firearm, as defined in [Tennessee Code Annotated section] 39-11-106, and [] [h]as been convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon[.]" Tenn. Code Ann. § 39-17-1307(b)(1)(A) (2017). "Any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive" is a firearm. Tenn. Code Ann. § 39-11-106(13)(A)(i) (2017). Burglary and aggravated burglary are specifically included in the list of felonies that constitute "crimes of violence." Tenn. Code Ann. § 39-17-1301(3) (2017). A violation of Tennessee Code Annotated section 39-17-1307(b)(1)(A) is a Class B felony. Tenn. Code Ann. § 39-17-1307(b)(1)(B)(2) (2017).

The element of possession is a question of fact for the jury. *State v. Warr*, 604 S.W.2d 66, 68 (Tenn. Crim. App. 1980). Possession may be established by showing actual or constructive possession. *State v. Fayne*, 451 S.W.3d 362, 370 (Tenn. 2014). Actual possession refers to physical control over an item. *Id.* Constructive possession refers to the person's ability to reduce an object to actual possession. *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987).

Here, it is undisputed that, at the time of the offenses, Defendant had been convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon. Moreover, Defendant admitted to Investigator Leatherwood that he possessed two firearms that matched the description of the weapons stolen from Mr. Knight's residence during a burglary. Investigator Leatherwood testified that Defendant knew specifics about each gun and holster and that Defendant admitted to removing the weapons from a residence in the Whittle Springs area and selling them on the street.

Further, there was sufficient evidence to establish Defendant's possession of Ms. Miller's firearm. Mr. McCord testified that, after Defendant broke into Ms. Miller's residence, Ms. Miller's gun was not in its ordinary place in the back bedroom; it was located in a different area of the house. Additionally, the magazine that commonly accompanied Ms. Miller's gun was found on Defendant's person during his arrest. A reasonable juror could conclude from this circumstantial evidence that Defendant had physical control over the gun while he was alone in the home. *State v. Gerald Dewayne Triplett*, No. W2015-00163-CCA-R3-CD, 2015 WL 9489506 (Tenn. Crim. App. Dec. 29, 2015) (finding constructive possession sufficient for conviction of unlawful possession of a weapon by a convicted felon when a handgun was found in the glove box of the car the defendant was driving), *perm. app. denied* (Tenn. Mar. 13, 2016).

Taken in the light most favorable to the State, the evidence was sufficient for a rational trier of fact to find that Defendant had been previously convicted of a felony involving the use of force, violence, or a deadly weapon and that Defendant was in possession of three guns in two separate incidents. He is not entitled to relief.

## Conclusion

For the foregoing reasons, we affirm the judgments of the trial court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 5 -