# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 2, 2016 Session

## STATE OF TENNESSEE v. GEORGE P. WATKINS, III

**Appeal from the Circuit Court for Madison County**
**No. 15-236   Donald H. Allen, Judge**

_____

**No. W2015-02095-CCA-R3-CD  -  Filed April 5, 2017**

_____

The Defendant-Appellant, George P. Watkins, III, was convicted by a Madison County Circuit Court jury of one count of possession of marijuana with intent to sell (Count 1), one count of possession of marijuana with intent to deliver (Count 2), one count of possession of drug paraphernalia (Count 3), and two counts of possession of a firearm with the intent to go armed during the commission of a dangerous felony (Counts 4 and 5). See T.C.A. §§ 39-17-417(a), -425, -1324(a). The trial court, after merging Count 2 with Count 1 and Count 5 with Count 4, sentenced Watkins to two years at thirty percent for the possession of marijuana with intent to sell conviction, eleven months and twenty-nine days for the possession of drug paraphernalia conviction, and three years at one hundred percent for the firearm conviction. The court then ordered the sentences for the marijuana and drug paraphernalia convictions served concurrently and ordered the sentence for the firearm conviction served consecutively to the other sentences in accordance with Code section 39-17-1324(e), for an effective sentence of five years. On appeal, Watkins argues that (1) the trial court committed plain error when it instructed the jury on the mental states of "knowingly" and "recklessly" for the offenses of possession of a firearm with the intent to go armed during the commission of a dangerous felony, and (2) the evidence is insufficient to sustain his firearm convictions. Because the erroneous jury instruction for the firearm offenses constitutes plain error, we reverse and vacate the judgments in Counts 4 and 5 and remand the case for a new trial on these counts. We also remand the case for entry of corrected judgments in Counts 1 and 2.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined. ROBERT L. HOLLOWAY, JR., J., filed a dissenting opinion.

J. Colin Morris, Jackson, Tennessee, for the Defendant-Appellant, George P. Watkins, III.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Aaron J. Chaplin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

We will briefly summarize the facts presented at trial because they relate to both issues raised on appeal.

**Trial.** On the morning of June 13, 2014, Investigator Tikal Greer executed a search warrant at Watkins's home located at 1711 North Royal Street, Jackson, Tennessee. Officers subsequently discovered the following items inside the residence: three bags of marijuana; a .357 Magnum revolver; several types of ammunition, including .38 Special ammunition capable of being fired by a .357 Magnum revolver; and two digital scales. The marijuana, one of the digital scales, all of the ammunition, and the revolver were found in Watkins's bedroom. The revolver, which was loaded, was found under the mattress of Watkins's bed near the nightstand. One bag of marijuana was on the nightstand by the bed, another bag of marijuana was on top of the dresser beside a digital scale, and a third, larger bag of marijuana was in the bottom drawer of the dresser. A second digital scale was found in the dining room of Watkins's home.

Investigator Greer stated that digital scales were often used to weigh marijuana to determine how much an individual was buying or selling. He noted the open container of plastic sandwich bags found by Watkins's nightstand and asserted that such bags were often used for packaging marijuana. In addition, the total amount of marijuana, which was determined to be 45.32 grams, indicated that the marijuana was for sale or delivery. Investigator Greer and Lieutenant Rodney Anderson said the presence of the loaded revolver suggested that its purpose was for the protection of the drugs, the money, and the home. Surveillance conducted prior to the execution of the search warrant established that Watkins lived at the residence at 1711 North Royal Street. At the time the warrant was executed, the utilities were in Watkins's name, there was mail addressed to Watkins, a paystub belonging to Watkins, and photographs of Watkins discovered in the master bedroom where the marijuana was found. Investigator Greer acknowledged that Watkins was employed at Chick-Fil-A and as a mall security officer around the time that he investigated this case.

Immediately after the execution of the search warrant, Investigator Nathaniel Shoate went to Chick-Fil-A, where Watkins was employed, and arrested him. He searched Watkins incident to the arrest and found a cell phone and $800 to $900 in cash on his person. Later that day, Investigator Shoate and Investigator Gerard Cobb

- 2 -

interviewed Watkins after advising him of his rights. Watkins subsequently signed a waiver of his rights and provided a written statement admitting that the marijuana and the handgun belonged to him.

## ANALYSIS

I. **Jury Instruction.** Watkins argues that the trial court committed plain error when it instructed the jury on the culpable mental states of "knowingly" and "recklessly" for the offenses of possession of a firearm with the intent to go armed during the commission of a dangerous felony. Citing State v. Tasha Briggs, No. W2014-01214-CCA-R3-CD, 2015 WL 5813664 (Tenn. Crim. App. Oct. 6, 2015), he asserts that his case should be reversed and remanded for a new trial on the firearm counts. We conclude that Watkins is entitled to plain error relief because the jury instruction given at trial lowered the State's burden of proof for the firearm offense.

At the conclusion of the proof, the trial court provided the following jury instruction for the firearm offenses:

COUNTS 4 AND 5

UNLAWFUL POSSESSION OF A FIREARM DURING THE
COMMISSION OF OR ATTEMPT TO COMMIT A DANGEROUS
FELONY

Any person who possesses a firearm during the commission of or attempt to commit a dangerous felony is guilty of a crime.

For you to find the defendant guilty of this offense, the state must have proven beyond a reasonable doubt the existence of the following essential elements:

(1) that the defendant possessed a firearm;

and

(2) that the possession was with the intent to go armed was [sic] during the commission of or attempt to commit a dangerous felony is guilty of a crime [sic], to wit: Possession of Marijuana With the Intent to Sell and/or Deliver;

and

- 3 -

(3) that the defendant acted either intentionally, knowingly or recklessly.

"Possession" may be actual or constructive. A person who knowingly had direct physical control over an object at a given time is then in actual possession of it. A person who, although not in actual possession, knowingly had both the power and intention at any given time to exercise dominion and control over an object is then in constructive possession of it.

"Possession" may also be sole or joint. If a person has actual or constructive possession of a thing, possession is sole. I[f] two (2) or more persons have actual or constructive possession of a thing, then possession is joint.

"Firearm" means any weapon designed, made or adapted to expel a projectile by the action of an explosive or any device readily convertible to that use.

"Intentionally" means that a person acts intentionally with respect to the nature of the conduct or to a result of the conduct when it is the person's conscious objective or desire to engage in the conduct or cause the result.

"Knowingly" means that a person acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist. A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result.

"Recklessly" means that a person acts recklessly with respect to the circumstances surrounding the conduct or the result of the conduct when the person is aware of, but consciously disregards, a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care than an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint.

Interestingly, the jury instruction given in Watkins's case does not substantially follow the pattern jury instruction for possession of a firearm with the intent to go armed during the commission of a dangerous felony that was in effect at the time of the offense. See 7

- 4 -

Tenn. Prac. Pattern Jury Instr. T.P.I.—Crim. 36.06(c) (18th ed. 2014). First, it omits the language "with the intent to go armed" that should be in the first paragraph of the instruction. See id. Second, it includes the language "that the defendant acted either intentionally, knowingly or recklessly," which is not a part of the pattern instruction for the offense of possession of a firearm but is a part of the pattern instruction for the offense of employment of a firearm during the commission of or attempt to commit a dangerous felony. See id.; see also T.C.A. § 39-17-1324(b)(1), (2). Third, while the trial court's instruction includes the definition for "intentionally" that is applicable to both the possession of a firearm and employment of a firearm offenses, the instruction given in Watkins's case also included the definitions for "knowingly" and "recklessly," which are bracketed and contain optional language according to the preface for the pattern jury instructions. See T.P.I.—Crim. 36.06(c), Preface.

Here, Watkins concedes that he did not object to the jury instruction for the firearm offenses at trial and acknowledges that he did not include this issue in his motion for new trial. See Tenn. R. App. P. 3(e); Tenn. R. App. P. 36(a). Rather, he contends, in an argument section consisting of less than a single page,[1] that this erroneous jury instruction amounted to plain error, though he fails to provide an analysis of the five factors required for plain error review.

We recognize that Watkins has waived this issue, absent plain error. The plain error doctrine states that "[w]hen necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal." Tenn. R. App. P. 36(b). In order for this court to find plain error,

"(a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is 'necessary to do substantial justice.'"

State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). "[P]lain error must be of such a great magnitude that it probably changed the outcome of the trial." Adkisson, 899 S.W.2d at 642 (internal quotations marks omitted). "It is the accused's burden to persuade an appellate court that the trial court committed plain error." State v. Bledsoe, 226 S.W.3d 349, 355 (Tenn. 2007) (citing United States v. Olano, 507 U.S. 725, 734 (1993)). "[T]he presence of all

---

[1] Defense counsel, by not providing analysis regarding the five factors for plain error review, nearly failed to satisfy his burden of persuasion. We strongly discourage this practice in this future.

- 5 -

five factors must be established by the record before this Court will recognize the existence of plain error, and complete consideration of all the factors is not necessary when it is clear from the record that at least one of the factors cannot be established." Smith, 24 S.W.3d at 283. A recognition of plain error "should be limited to errors that had an unfair prejudicial impact which undermined the fundamental fairness of the trial." Adkisson, 899 S.W.2d at 642. We must now consider each of the five factors in determining whether Watkins is entitled to plain error relief.

### 1. The record must clearly establish what occurred in the trial court.

Here, the State, in its brief filed July 13, 2016, argues that the record does not clearly establish what happened in the trial court because Watkins failed to include the jury instructions in the appellate record. However, the record in this case was supplemented to include the jury instructions on May 19, 2016. The record herein includes the indictment, the transcript of the testimony presented at trial, the exhibits, the transcript of the hearings that took place out of the jury's presence, the copy of the jury instructions provided in this case that were signed by the trial judge, and the verdict forms. Therefore, as to this issue, the record clearly shows what occurred in the trial court.

### 2. A clear and unequivocal rule of law must have been breached.

Regarding the two firearm counts, the State was required to prove beyond a reasonable doubt that Watkins "possess[ed] a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony." T.C.A. § 39-17-1324(a). In State v. Fayne, 451 S.W.3d 362, 369 (Tenn. 2014), the Tennessee Supreme Court, in determining whether the possession offense was a lesser included offense of the employment offense, held that the three elements of possession of a firearm during the commission of a dangerous felony were the following: "(1) that the defendant possessed a firearm; (2) that the possession was with the 'intent to go armed'; and (3) that the first two elements occurred during the commission or attempted commission of a 'dangerous felony.'" The Fayne court then held that "the mens rea element of section 39-17-1324(a)" was "that the possession of the firearm was with the 'intent to go armed.'" Id. at 370.

Moreover, in Tasha Briggs, 2015 WL 5813664, at *3, filed approximately one year after Fayne, the defendant argued that the trial court erroneously instructed the jury that the offense of possession of a firearm with the intent to go armed during the commission of a dangerous felony could be committed if she acted intentionally, knowingly, or recklessly because the statute for this offense specified that she had to act intentionally. The defendant claimed that the court's instruction to the jury on the

- 6 -

additional mental states of "knowingly" and "recklessly" lowered the State's burden of proof for this offense. Id. While the defendant agreed that the Tennessee Pattern Jury Instruction for employing a firearm during the commission of a dangerous felony included language that a defendant "acted either intentionally, knowingly, or recklessly," she asserted that the pattern jury instruction for possession of a firearm during the commission of a dangerous felony omitted that language. Id. at *4 (citing 7 Tenn. Prac. Pattern Jury Instr. T.P.I.—Crim. 36.06(c)). The State, citing Tennessee Pattern Jury Instructions 36.03(a), 36.04, and 36.08,[2] argued that the pattern instructions for other offenses involving possession of a weapon with the intent to go armed included language that the defendant "acted either intentionally, knowingly, or recklessly." Id. However, the State acknowledged that footnote 2 of the pattern instructions for 36.03(a), 36.04, and 36.08 stated the following: "[T]he Tennessee Criminal Pattern Jury Instructions Committee is of the opinion that the definitions of 'knowingly' and 'recklessly,' 'although statutorily required,' are in conflict with the elements of the offense and that some judges believe only 'intentionally' should be instructed."[3] Id. at *4 n.3. In determining whether the instruction was reversible error, the court referenced the holding in Fayne that the mens rea element for this offense was that "the possession of the firearm was with the 'intent to go armed.'" Id. at *4; see Fayne, 451 S.W.3d at 370. After recognizing that this offense contained only one mental state, the court held that the trial court erred in instructing the jury that the defendant could be guilty of possessing a firearm with the intent to go armed during the commission of a dangerous felony if it found that the defendant acted knowingly or recklessly. Tasha Briggs, 2015 WL 5813664, at *4. The court also held that this error was not harmless because the jury instruction lessened the State's burden of proof for this offense. Id. at *5. Consequently, the court remanded the case for a new trial on the firearm charge. Id.

Even more recently, in State v. Anthony Miller, No. W2016-00402-CCA-R3-CD, 2017 WL 244115, at *4 (Tenn. Crim. App. Jan. 20, 2017), this court reiterated that "[Tennessee Code Annotated section 39-17-1324(a)] contains only one possible mental state, that the Defendant possessed the firearms intentionally." It held that the instruction in this case, like the one in Tasha Briggs, was erroneous because it allowed the jury to convict the defendant if he acted knowingly or recklessly. Id. It also held that this error was not harmless because it lessened the State's burden of proof. In considering this issue, it recognized that the defendant's testimony suggested that his possession of the firearm might have been done recklessly or knowingly. Id. After concluding that the

---

[2] These pattern jury instructions are for the following offenses, respectively: possessing or carrying weapons with the intent to go armed on school property as provided in Code section 39-17-1309(b); possessing or carrying weapons with the intent to go armed on the grounds of any public parks, civic centers, playgrounds, etc. as provided in Code section 39-17-1311(a); and carrying or possessing a firearm or club with the intent to go armed as provided in Code section 39-17-1307(a)(1).

[3] This quoted language does not appear in Tennessee Pattern Jury Instruction 36.06(c).

instruction amounted to plain error, this court remanded the case for a new trial on the unlawful possession of a firearm charge. Id.

In Fayne, 451 S.W.3d at 370, the Tennessee Supreme Court clarified a rule of law when it concluded that "the mens rea element of section 39-17-1324(a)" was "that the possession of the firearm was with the 'intent to go armed.'" This holding was repeated in the unpublished cases of Tasha Briggs, 2015 WL 5813664, at *4-5, and Anthony Miller, 2017 WL 244115, at *4. Because the trial court erroneously instructed the jury that Watkins could be guilty of possessing a firearm with the intent to go armed during the commission of the drug offenses if it found that he acted knowingly or recklessly, we conclude that a clear and unequivocal rule of law was breached.

### 3. A substantial right of the accused must have been adversely affected.

The due process right to a fair trial, which protects an individual against conviction except upon proof beyond a reasonable doubt of every element necessary to constitute the offense charged, is guaranteed by the United States and Tennessee Constitutions. U.S. Const. amend. V, XIV, § 1; Tenn. Const. art. I, § 8. In addition, the right to trial by jury is guaranteed by the United States and Tennessee Constitutions. U.S. Const. amend. VI, XIV, § 1; Tenn. Const. art. I, § 6. It follows that a defendant "has a constitutional right to a complete and correct charge of the law, so that each issue of fact raised by the evidence will be submitted to the jury on proper instructions." State v. Dorantes, 331 S.W.3d 370, 390 (Tenn. 2011) (citing State v. Faulkner, 154 S.W.3d 48, 58 (Tenn. 2005); State v. Farner, 66 S.W.3d 188, 204 (Tenn. 2001); State v. Garrison, 40 S.W.3d 426, 432 (Tenn. 2000)). The propriety of a jury instruction, which is a mixed question of law and fact, is reviewed by this court de novo with no presumption of correctness. Fayne, 451 S.W.3d at 373 (citing State v. Rush, 50 S.W.3d 424, 427 (Tenn. 2001); State v. Smiley, 38 S.W.3d 521, 524 (Tenn. 2001)).

When reviewing challenged jury instructions, this court must "view the instruction in the context of the charge as a whole." State v. Clark, 452 S.W.3d 268, 295 (Tenn. 2014) (citing State v. Rimmer, 250 S.W.3d 12, 31 (Tenn. 2008); State v. Hodges, 944 S.W.2d 346, 352 (Tenn. 1997)). When a challenged instruction is so erroneous that the instruction alone infected the entire trial and resulted in a conviction that violates due process or when the judge's charge, taken as a whole, fails to fairly submit the legal issues or misleads the jury as to the applicable law, such deficiencies constitute prejudicial error requiring reversal. Id. (citations omitted).

The evidence established that Watkins was working at Chick-Fil-A at the time the police found the marijuana and the firearm in his home, a fact defense counsel used to erode the State's theory that Watkins had both the intent to sell and/or deliver the

marijuana and the intent to go armed during the commission of the drug offenses. Investigator Greer admitted that the scales found in the house could have been used by Watkins to determine how much marijuana he was buying rather than how much marijuana he was selling to other individuals. Investigator Greer also acknowledged that at the time the search warrant was executed, Watkins was employed at Chick-Fil-A and as a security officer at the mall, facts that also weighed against Watkins having an intent to sell and/or deliver marijuana or possessing the firearm with the intent to go armed during the commission of the drug offenses. In addition, Investigator Shoate admitted that although Watkins acknowledged in a written statement that the drugs and gun belonged to him, Watkins never admitted that he possessed the marijuana with the intent to sell and/or deliver it and never admitted that he possessed the firearm with the intent to go armed during the commission of the drug offenses.

In light of these facts, the erroneous instruction allowed the jury to find Watkins guilty of the firearm offense if it determined that Watkins acted knowingly or recklessly. Cf. State v. Page, 81 S.W.3d 781, 789-90 (Tenn. Crim. App. 2002) (concluding that the jury instruction for second degree murder that included the "nature-of-conduct" and "circumstances surrounding the conduct" definitions for "knowingly" was not harmless beyond a reasonable doubt because the mens rea of the defendant was "the disputed issue at trial"); State v. Keith T. Dupree, No. W1999-01019-CCA-R3-CD, 2001 WL 91794, at *5 (Tenn. Crim. App. Jan. 30, 2001) (reversing and remanding the case for a new trial after concluding that the trial court committed plain error when it gave a pattern jury instruction that provided "the inapplicable definitions of 'knowing' relating to second degree murder" and "fail[ed] to instruct on the proper applicable definition of 'knowing'"). Because the erroneous instruction given in this case lessened the State's burden of proof, Watkins's rights to a fair trial and a trial by jury were violated. In light of these constitutional violations, we conclude that a substantial right belonging to Watkins was adversely affected.

### 4. The defendant did not waive the issue for tactical reasons.

After conducting a thorough evaluation of the record in this case, there is no indication that Watkins waived this issue for tactical reasons.

### 5. Consideration of the error is necessary to do substantial justice.

Finally, we must determine whether consideration of this error is necessary to do substantial justice. Here, the trial court's erroneous jury instruction, which misstated the elements of the possession of a firearm offense and improperly included definitions for the mental states of "knowingly" and "recklessly," likely changed the outcome of trial because it made it easier to convict Watkins of this offense. The instruction lessened the

State's burden of proof by allowing the jury to find that Watkins was guilty of the firearm offense if he acted knowingly or recklessly. For these reasons, consideration of this error is necessary to do substantial justice. Because all five factors for plain error have been established, the judgments in Counts 4 and 5 are reversed and vacated, and the case is remanded for a new trial on those counts.

Given the Tennessee Supreme Court's unambiguous holding in <u>Fayne</u>, we respectfully encourage the Tennessee Committee on Pattern Jury Instructions to amend the pattern instruction in 36.06(c) to include only the definition for the mental state of "intentionally" for the offense of possession of a firearm with the intent to go armed during the commission of a dangerous felony.[4] To avoid confusion, the Committee might want to consider providing separate pattern jury instructions for the offense of possession of a firearm in Code section 39-17-1324(a) and the offense of employment of a firearm in Code section 39-17-1324(b),[5] which have been heretofore combined.

**II. <u>Sufficiency of the Evidence.</u>** In his initial brief, Watkins argued that the evidence is insufficient to sustain his conviction for possession of a firearm during the commission of a dangerous felony.[6] While he concedes that he made a written statement to police admitting that the marijuana and the handgun belonged to him, he claims that because he was at work, and therefore not present, when the marijuana and handgun were found in his home, "he could not have the intent to go armed" for the possession of a firearm offense. Although our decision on Watkins's first issue renders moot his claim that the evidence is insufficient to sustain these convictions, we will nevertheless address this issue in the event of further appellate review. After reviewing the proof presented at trial, we conclude that the evidence, while not overwhelming, is sufficient to sustain the convictions for possession of a firearm with the intent to go armed during the commission of a dangerous felony.

"Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the criminal defendant bears the burden on appeal of showing that the evidence was legally insufficient to sustain a guilty verdict." <u>State v. Hanson</u>, 279 S.W.3d 265, 275 (Tenn. 2009) (citing <u>State v. Evans</u>, 838 S.W.2d 185, 191 (Tenn. 1992)). When a defendant challenges the sufficiency of the evidence, the standard of review applied by this court is "whether 'any rational trier of fact could have found the

---

[4] Similar changes may need to be made to the pattern jury instructions in 36.03(a), 36.04, and 36.08, which were previously referenced in this opinion.

[5] The pattern jury instruction for the employment of a firearm offense, as provided in Part B, states that one of the elements of this offense is "that the defendant acted either intentionally, knowingly or recklessly."

[6] Although defense counsel appeared to concede this issue at oral argument, we will nevertheless address it out of an abundance of caution.

essential elements of the crime beyond a reasonable doubt.'" State v. Parker, 350 S.W.3d 883, 903 (Tenn. 2011) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)); see Tenn. R. App. P 13(e). When this court evaluates the sufficiency of the evidence on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. State v. Davis, 354 S.W.3d 718, 729 (Tenn. 2011) (citing State v. Majors, 318 S.W.3d 850, 857 (Tenn. 2010)).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. State v. Sutton, 166 S.W.3d 686, 691 (Tenn. 2005); State v. Hall, 976 S.W.2d 121, 140 (Tenn. 1998). The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" Dorantes, 331 S.W.3d at 379 (quoting Hanson, 279 S.W.3d at 275). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. State v. Campbell, 245 S.W.3d 331, 335 (Tenn. 2008) (citing Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). The jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. Dorantes, 331 S.W.3d at 379 (citing State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006)). When considering the sufficiency of the evidence, this court shall not substitute its inferences for those drawn by the trier of fact. Id.

Regarding the two firearm counts, the State was required to prove beyond a reasonable doubt that Watkins "possess[ed] a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony." T.C.A. § 39-17-1324(a). A dangerous felony is defined as "[a] felony involving the sale, manufacture, distribution or possession with intent to sell, manufacture or distribute a controlled substance." Id. § 39-17-1324(i)(1)(L). Therefore, in Watkins's case, the possession of marijuana with the intent to sell or deliver qualifies as a "dangerous felony."

Possession of a firearm may be actual or constructive. Fayne, 451 S.W.3d at 374. Actual possession "refers to physical control over an item." Id. at 370. On the other hand, constructive possession is established when a person has "'the power and intention at a given time to exercise dominion and control over [an object] either directly or through others.'" State v. Shaw, 37 S.W.3d 900, 903 (Tenn. 2001) (quoting State v. Patterson, 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997)). It has also been defined as "'the ability to reduce an object to actual possession.'" State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981) (quoting United States v. Martinez, 588 F.2d 495, 498 (5th Cir. 1979)). Constructive possession depends on the totality of the circumstances in

each case and may be established through circumstantial evidence. State v. Robinson, 400 S.W.3d 529, 534 (Tenn. 2013) (citing T.C.A. § 39-17-419).

While Watkins admits that the firearm and the marijuana belonged to him, he claims the State failed to prove that he possessed the firearm with the intent to go armed during the commission of the marijuana offenses based on the particular circumstances in his case. We recognize that the proof must show a defendant's "intent or purpose of being or going armed." Cole v. State, 539 S.W.2d 46, 49 (Tenn. Crim. App. 1976). This court has explained how the intent to go armed may be established:

> Intent may be inferred from both direct and circumstantial evidence. State v. Washington, 658 S.W.2d 144, 146 (Tenn. Crim. App. 1983). The necessary intent to support a conviction for carrying a weapon with the intent to go armed may be proven by circumstances surrounding the carrying of the weapon. Cole v. State, 539 S.W.2d 46, 49 (Tenn. Crim. App. 1976). The purpose of going armed should be determined from the facts of each particular case. Hill v. State, 201 Tenn. 299, 298 S.W.2d 799 (Tenn. 1957).

State v. Demario Darnell Thompson, No. W2012-00642-CCA-R3-CD, 2013 WL 3776985, at *10 (Tenn. Crim. App. July 15, 2013).

Watkins argues that "he could not have the intent to go armed" during the commission of the marijuana offenses because he was at work when the firearm and the drugs were found. The evidence, when viewed it the light most favorable to the State, established that the police found a loaded firearm, multiple types of ammunition, at least 45.32 grams marijuana, small plastic bags, and a digital scale in Watkins's bedroom. A second digital scale was found in Watkins's dining room. Watkins admitted in his written statement to police that the drugs and the firearm belonged to him.

In this case, the predicate felony for the firearm offense was that Watkins possessed marijuana with the intent to sell it. It is an offense for a defendant to knowingly possess a controlled substance with the intent to sell it. T.C.A. § 39-17-417(a). Possession of 45.32 grams of marijuana, a controlled substance, with the intent to sell is a Class E felony. Id. §§ 39-17-415(a)(1), 39-17-417(g)(1). "It may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing." Id. § 39-17-419; see Demario Darnell Thompson, 2013 WL 3776985, at *11.

Investigator Greer and Lieutenant Anderson testified that drug dealers often have a loaded revolver on hand to protect their drugs, money, and home. The presence of the loaded revolver in close proximity to the substantial amount of marijuana, the plastic bags commonly used to package drugs, the digital scales, and the assorted ammunition was sufficient evidence for the jury to infer that Watkins possessed this firearm with the intent to go armed during the commission of a dangerous felony, in this case, the two drug offenses for possession of marijuana with the intent to sell and/or deliver. See Tasha Briggs, 2015 WL 5813664, at *5-6 (granting a new trial based on the erroneous jury instruction for the offense of possession of a firearm during the commission of a dangerous felony but concluding that the evidence was sufficient to sustain this conviction when the jury also convicted the defendant of possession of marijuana with the intent to sell and deliver and the evidence established that the defendant sold marijuana from her apartment, that a loaded pistol was found under a couch cushion in the defendant's living room, that a bag of marijuana and cash were found in a brown purse in the living room, and that individual bags of marijuana were found in the freezer in the kitchen); Demario Darnell Thompson, 2013 WL 3776985, at *10 (holding that the evidence was sufficient to sustain a conviction for possession of a firearm during the commission of a dangerous felony when the jury also convicted the defendant of possession of marijuana with the intent to sell and the evidence established that the defendant, a licensed armed security guard, always traveled with his gun and this gun, which was loaded, was found in the glove box immediately in front of the defendant). Although Watkins did not admit that he possessed the marijuana with the intent to sell and/or deliver it, he admitted that it belonged to him. Moreover, at the time of Watkins's arrest, which occurred immediately after the execution of the search warrant at his home, he had $800 to $900 in cash on his person. See State v. Demetrius M. Clark, No. W2011-00524-CCA-R3-CD, 2012 WL 5845617, at *24 (Tenn. Crim. App. Nov. 19, 2012) (holding that the evidence was sufficient to sustain a conviction for possession of a firearm with the intent to go armed during the commission of a dangerous felony when the evidence established that the defendant was found in his boxer shorts and a T-shirt in his girlfriend's home with 2.6 grams of crack cocaine, hydrocodone in different forms, digital scales with a white powdery residue, drug paraphernalia, a loaded .38 revolver, a police scanner, and more than $4,600 in cash). Based on the evidence presented at trial, the jury could have found that Watkins possessed the marijuana with the intent to sell or deliver it and possessed the handgun with the intent to go armed during the commission of the marijuana offenses. Therefore, we conclude that the evidence, while not overwhelming, is sufficient to sustain Watkins's two convictions for possession of a firearm during the commission of a dangerous felony.

Lastly, we detect some clerical errors in the judgment forms that require correction. Although it was proper for the trial court to merge Count 2 with Count 1 and Count 5 with Count 4, it entered three judgments of conviction for the five offenses

charged in the indictment. A single judgment was entered for Counts "1,2" that showed a conviction for "possession of marijuana with intent to sell." A judgment was entered for Count 3 for the conviction for possession of drug paraphernalia. Finally, a single judgment was entered for Counts "4,5" for the convictions for possession of a firearm during the commission of a dangerous felony. The judgment form for Counts "1,2" includes the following note in the "Special Conditions" box: "Counts 1 and 2 Merge; Counts 4 and 5 Merge; Count 3 is concurrent to Count 1,2; By law, Count 4, 5 is consecutive to Count 1,2; Total Effective Sentence is 5 years to serve TDOC; Firearm is forfeited to law enforcement." Notes in the "Special Conditions" boxes of the other two judgment forms state only, "See Count 1." The trial court should have entered a separate judgment form for each count in the indictment. See State v. Berry, 503 S.W.3d 360, 364 (Tenn. 2015) (order for publication summarily granting the application of the defendant under Rule 11 of the Tennessee Rules of Appellate Procedure and reversing a portion of the judgment of the Tennessee Court of Criminal Appeals) ("[W]hen two jury verdicts are merged into a single conviction, the trial court should complete a uniform judgment document for each count."). In light of our decision to reverse and vacate the judgments in Counts 4 and 5 and to remand the case for a new trial on those counts, we also remand this case to the trial court for entry of a separate judgment form for Count 1 and Count 2. On remand, the trial court should impose separate sentences for Count 1 and Count 2 and should place these sentences on each judgment form. Id. Next, the trial court should note in the "Special Conditions" box on Count 2, which is the lesser or merged conviction, that the conviction in Count 2 merges with the conviction in Count 1, which is the greater or surviving conviction. Id. This merger should also be noted in the "Special Conditions" box for Count 1. Id.

## CONCLUSION

Although the evidence is sufficient to sustain the two convictions for possession of a firearm with the intent to go armed during the commission of a dangerous felony, we conclude that the erroneous jury instruction for the firearm offenses constitutes plain error. Therefore, we reverse and vacate the judgments in Counts 4 and 5 and remand the case for a new trial on these counts. We also remand the case for entry of corrected judgments in Counts 1 and 2 in accordance with this opinion.

_____
CAMILLE R. MCMULLEN, JUDGE

- 14 -